# IN THE COURT OF APPEALS OF IOWA

No. 17-1728
Filed February 7, 2018

IN THE INTEREST OF M.H. and A.H.,
Minor Children,

A.H., Mother,
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Brenda L. Drew-Peeples of Drew-Peeples Law Firm, Davenport, guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to two children, born in 2014 and 2016. She contends termination was not in the children's best interests and, specifically, the district court should have granted her additional time to work towards reunification. On our de novo review of the record, we disagree.

The mother's older child was born with a severe heart condition that required surgery and twenty-four-hour care. When the child was twenty months old, she had to be re-hospitalized for ongoing care. The mother stayed with her at the hospital. While there, the mother went to a bathroom stall and, unbeknownst to anyone, gave birth to a second child. She placed the child in the bathroom garbage can, covered him with paper towels, and left. Hospital personnel discovered the baby in time to provide emergency services.

The State sought and obtained both children's removal from the mother's custody. The younger child was immediately placed with his father. The older child was initially placed with her maternal grandparents but was later transferred to the father's care. Both children remained with the father through the termination hearing, more than a year after the removal.

Meanwhile, the State charged the mother with several crimes, and the district court entered a criminal order prohibiting her from having any contact with her second child. The State separately petitioned to terminate her parental rights to both children.

Approximately three weeks before a hearing on the State's termination petition, the mother entered an *Alford*[1] plea to child endangerment and neglect or abandonment of a dependent person. At the time of the termination hearing, she had yet to be sentenced.

The mother did not appear at the termination hearing. A social work supervisor with the department of human services recommended termination of her parental rights to the children.

The district court concluded the State proved three statutory grounds for termination. *See* Iowa Code § 232.116(1)(d), (h), and (i) (2017). The court turned to whether termination was in the children's best interests and stated:

> Both children are thriving in their father's care. He has handily met [the older child's] many medical needs. . . . [The younger child] is developmentally on target. The children enjoy being with each other and are happy healthy toddlers. [The father] has a great deal of family support making single parenthood easier. [The younger child] has only seen his mom a few times while he was still at the hospital. He has absolutely no relationship with her. She is a stranger. It is unknown if the criminal court will lift the no contact order or whether the mother will be free after [the sentencing hearing]. [The parents] have a contentious relationship and the mother has a history of trying to interfere in the care of [the children]. Not terminating the mother's rights leaves open the possibility of future litigation between the parents that may disrupt their permanency. These reasons lead the court to conclude termination of [the mother's] parental rights is in their best interests.

We concur in this assessment. In addition, we cannot discern whether the mother progressed in her efforts to address the mental-health issues that prompted her to discard her second child.[2] Although the mother acted appropriately with her older

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] After the termination hearing, the mother attempted to introduce evidence to address this issue as well as the disposition of the criminal action. The district court declined to reopen

child during supervised visits, there is scant if any evidence to indicate she could independently protect the children's safety at the time of the termination hearing or in the imminent future. *See In re H.S.*, 805 N.W.2d 737, 742 (Iowa 2011) (finding no "reason to believe additional time and effort to work out a" visitation plan that would "assure the children's ongoing safety" would "be successful").

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**

---

the record. Accordingly, the evidence she sought to admit is not before us for consideration.